## HARTWICK v BALTIMORE & O RD CO

Ohio Appeals, 9th Dist, Summit Co

No 2627. Decided Feb 14, 1936

Frank & Ream, Akron, for plaintiff in error.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for defendant in error.

## OPINION

By STEVENS, J.

Taking the allegations of the petition to be true, plaintiff relied upon said automatic signal to excuse his failure to look back of him, from which direction the train involved at the collision was coming, at a time sooner than he did look in that direction, and as he was turning toward the tracks and when he was so close that he was unable to stop his car before reaching said tracks, although proceeding slowly in second gear; his claim being that from the failure of said automatic signal to operate, he was led to believe that there was no train coming, and that when he locked and discovered the train and realized his impending danger, he became confused and excited, and for that reason was unable to stop before the collision.

The question is thus presented whether or not plaintiff, in relying upon said automatic signal, exercised such care as a reasonably prudent person would have. exercised under all the circumstances then and there existing.

That question ordinarily is a factual one for submission to the jury, and were it not for the pronouncement of the Supreme Court of this state in the case of **C., D. & M. Elec. Co. v O'Day, Admrx., 123 Oh St 638,** we would hold that upon trial, if plaintiff's evidence substantiated the allegations of his petition, such submission to the jury would be required. However, paragraphs 2 and 3 of the syllabus of that case provide as follows:

"2. Where an automatic signal alarm, voluntarily instituted and operated by an interurban street railway company at a city street crossing, fails to operate as a traveler approaches such crossing, its failure to operate is not in the nature of an implied invitation to cross. The alarm constitutes a warning merely.

"3. The presence of an automatic signal alarm, voluntarily instituted and operated by an interurban railway company at a city street crossing, does not absolve a traveler upon the highway from the exercise of the care that a reasonably prudent person would exercise under all the circumstances. Such care upon the part of a driver of an automobile includes the obligation of exercising the faculties of sight and hearing, when such driver is far enough from the railway track to be able to stop his automobile before reaching the crossing."

Under the authority of that case, we feel compelled to conclude that the allegations of plaintiff's petition show him to have been guilty of contributory negligence as a matter of law. That, of course, necessitates the further conclusion that plaintiff's petition does not state a cause of action.

The demurrer was therefore rightfully sustained.

Judgment affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.